IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF THE DELAWARE

| | | |
|---|---|---|
| JOSEPH KNOPF | : | |
| | : | |
| v. | : | C.A. NO. 08-0089 (UNA) |
| | : | |
| WILLIAM GONZALEZ, TRANSCO, INC. | : | JURY TRIAL DEMANDED |
| and McLANE COMPANY, INC. | : | |

**DEFENDANT, McLANE COMPANY INC.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**

Defendant, McLane Company, Inc. by and through its attorneys Rawle & Henderson answer the complaint and aver as follows:

1. Denied. After reasonable investigation defendants are without sufficient information to admit or deny the truth of the averment contained herein.

2. Admitted in part and denied in part. It is admitted only that William Gonzalez is a resident of the State of New Jersey. The balance of the allegations contained in this paragraph are denied as are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure.

3. Denied. Strict proof of same is required.

4. Admitted in part and denied in part. It is admitted only that answering defendant is a foreign corporation. The balance of the allegations constitute conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure and therefore same are denied. Strict proof of same is required at the time of trial.

5. Denied. After reasonable investigation answering defendant is without sufficient information to admit or deny the truth of the averment contained herein.

6. Denied as stated. It is admitted only that on the date and at the location defendant William Gonzalez was driving a vehicle owned by Transco, Inc. and leased to McLane Company, Inc. The balance of the allegations are denied. Strict proof is demanded at trial.

2296942-1

7. Denied. Strict proof is demanded at trial. By way of further answer, the allegations contained in paragraph 7 constitute a conclusion of law to which no responsive pleading is required under the Rule of Civil Procedure.

## COUNT I

8. Answering defendant reiterates the responses to paragraphs 1-7 as if set forth fully herein.

9. (a-f) Denied. The allegations contained in paragraph 9 and subparts a through f are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required, answering defendant specifically denies any and all allegations of negligence. Strict proof of same will be required at trial.

10. Denied. Answering defendant is without sufficient information to form a belief as to the truth of the averments contained herein and therefore same are denied. Strict proof will be required at the time of trial. By way of further answer, the allegations contained in paragraph 10 of the Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required, answering defendant denies any and all negligence.

12. Denied. Answering defendant is without sufficient information to form a belief as to the truth of the averments contained herein and therefore same are denied. Strict proof will be required at the time of trial. By way of further answer, answering defendant denies any and all negligence.

13. Denied. Answering defendant is without sufficient information to form a belief as to the truth of the averments contained herein and therefore same are denied. Strict proof will be required at the time of trial. By way of further answer, answering defendant denies any and all negligence.

2296942-1

## COUNT II

14. Answering defendant reiterates the responses to paragraphs 1-13 as if set forth fully herein.

15. Admitted in part and denied in part. It is admitted only that at all material times, William Gonzalez was acting in the furtherance of the business of answering defendant, McLane Company, Inc. The balance of the allegations are denied. Strict proof of same is required at the time of trial.

16. Denied. The allegations contained in paragraph 16 are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required, answering defendant specifically denies any and all allegations of negligence. Strict proof of same will be required at trial.

17. Denied. The allegations contained in paragraph 17 are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required, answering defendant specifically denies any and all allegations of negligence. Strict proof of same will be required at trial.

18. Denied. The allegations contained in paragraph 18 are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required, answering defendant specifically denies any and all allegations of negligence. By way of further answer, answering defendant is without sufficient information to form a belief as to the truth of the averments contained herein and therefore same are denied. Strict proof of same will be required at trial.

WHEREFORE, answering defendant, McLane Company, Inc., demands that the Complaint be dismissed, and that judgment be rendered in their favor and against plaintiff, together with costs, fees, and such other and further relief as may be appropriate.

**AFFIRMATIVE DEFENSES**

2296942-1

## FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE

Upon information and belief, the injuries and/or damages alleged by plaintiff, if any, were caused solely or in part by the negligence of plaintiff, or third parties over whom defendants had no responsibility.

## THIRD SEPARATE DEFENSE

If the event alleged in the Complaint occurred as alleged by plaintiff which is denied, it was in no way caused by an act or omission on the part of answering defendant.

## FOURTH SEPARATE DEFENSE

No conduct on the part of defendants contributed to plaintiff's alleged injuries and/or damages.

## FIFTH SEPARATE DEFENSE

Damages allegedly sustained by the plaintiff, if any, were entirely or substantially caused by the negligence of plaintiff, including contributory negligence, comparative negligence, assumption of the risk and/or the negligence of other parties or persons for whom defendants had no responsibility, and not by the culpable conduct or negligence of the defendants.

## SIXTH SEPARATE DEFENSE

Answering defendant claims all defenses available to them under the provisions of 21 Del.C. §2118, Delaware's Financial Responsibility Law or other applicable No-Fault statute.

## SEVENTH SEPARATE DEFENSE

Upon information and belief, the injuries and/or damages complained of by plaintiff pre-existed or were sustained after the accident which is the subject matter of the Complaint.

## EIGHTH SEPARATE DEFENSE

Service of Process was improper and/or insufficient.

2296942-1

### NINTH SEPARATE DEFENSE

This Honorable Court lacks personal jurisdiction over defendants.

### TENTH SEPARATE DEFENSE

Plaintiff failed to mitigate his damages.

### ELEVENTH SEPARATE DEFENSE

Any alleged occurrence complained of by plaintiff, said occurrence being specifically denied by defendants, was the result of an unavoidable accident or sudden emergency.

### TWELFTH SEPARATE DEFENSE

Plaintiffs' claims are barred or limited by application of release, collateral estoppel or res judicata.

### THIRTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred in whole or in part by 49 U.S.C. §30106.

WHEREFORE, answering defendant, McLane Company, Inc., demands that the Complaint be dismissed, and that judgment be rendered in their favor and against plaintiff, together with costs, fees, and such other and further relief as may be appropriate.

### COUNTERCLAIM OF DEFENDANT, MCLANE COMPANY, INC. AGAINST PLAINTIFF, JOSEPH KNOPF

Defendant, McLane Company, Inc., by and through its attorneys, Rawle & Henderson, LLP hereby asserts a counterclaim against Joseph Knopf as follows:

10. Defendant incorporates by reference its answers to paragraphs 1-18 of the Complaint as if set forth fully herein.

11. Defendant incorporate by reference its First through Thirteenth Affirmative Defenses contained in its Answer to the Complaint as if set forth fully herein.

12. On October 21, 2007, plaintiff Joseph Knopf was driving a motor vehicle on Route 299 headed in a westerly direction in New Castle county.

2296942-1

13. On the aforesaid date, a tractor trailer owned by defendant McLane Company, Inc. and driven by William Gonzalez, was traveling east on Route 299.

14. This collision was due to the violations of law and negligence, carelessness or recklessness of plaintiff, Joseph Knopf in that he:

    a. operated a vehicle without adequate or proper control:

    b. operated a vehicle at high or excessive rates of speed for the circumstances and lost control of his vehicle;

    c. operated the motor vehicle in an impaired condition;

    d. failed to keep and maintain a proper lookout for other vehicles on the highway;

    e. Operated a vehicle in violation of the motor vehicle code and the applicable rules of the road under the circumstances;

    f. operated said motor vehicle without due care or causation;

    g. was otherwise negligent, careless or recklessness in his actions or omissions;

    h. failed to comply with the laws and regulations of the Delaware Motor Vehicle Code and/or the ordinances of the County of New Castle pertaining to the operation of motor vehicles in or about such public roadways, but not limited : driving at an unsafe speed, illegal lane changes, adhering to traffic signals or devices.

15. As a direct and proximate result of the accident, defendant McLane Company, Inc. sustained damage to its trailer, and the loss of use of its tractor trailer.

WHEREFORE, defendants respectfully requests judgment against plaintiff, Joseph Knopf for a sum equivalent to the cost of repairing the damage to the trailer, the value of the loses of use of the trailer, the additional expenses incurred as a result of this accident and the

2296942-1

loss of income, and any other such relief as the court will deem equitable and just.

RAWLE & HENDERSON LLP

By: _____
      Delia A. Clark (DAC #3337)
      Attorneys for Defendant, McLane Company, Inc.
      300 Delaware Avenue, Ste. 1015
      Wilmington, DE 19801
      (302) 778-1200

2296942-1

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the within-captioned Defendant, McLane Company, Inc.'s Answer and Counterclaim was served electronically and via first-class mail, postage prepaid, on counsel for plaintiff listed below:

Kevin G. Healy
16 Polly Drummond Hill Road
Newark, NJ  19711

RAWLE & HENDERSON LLP

_____
Delia A. Clark

Dated: February 14, 2008

2296942-1